IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Appellee,                                              No. CR S-10-0283 KJM

    vs.

KELLY MICHAEL,

    Appellant.                                             <u>ORDER</u>

                                    /

        The court heard oral argument regarding defendant's appeal of his sentence on March 31, 2011.  Scott Radcliffe, Certified Student Attorney with the Office of the Federal Defender, appeared for appellant.  Catherine R. Chyi, Certified Student Attorney with the Office of the U.S. Attorney, appeared for the government as appellee.  Having carefully reviewed the parties' briefing, considered the arguments made at hearing, and good cause appearing, the court FINDS and ORDERS as follows:

I. <u>Procedural Background</u>

        On July 13, 2010, the government charged appellant in an information with possession of marijuana in violation of 21 U.SC. § 844, a Class A misdemeanor.  On August 11, 2010, appellant pled guilty to the charge, without a plea agreement.  On November 3, 2010, the

/////

presiding magistrate judge sentenced appellant to one year supervised probation with conditions, a $1,000 fine and the mandatory $25.00 special assessment.

On November 18, 2010, appellant filed his notice of appeal, and the parties' briefing on the appeal followed.  The issue presented on appeal is whether this court "must remand for resentencing because the magistrate judge erred in denying Mr. Michael prejudgment probation under 18 U.S.C. § 3607 on the ground that he failed to request it before sentencing rather than during the sentencing hearing."  Appellant's Opening Brief at 1.

II. Sentencing Hearing

At the sentencing hearing, appellant's counsel argued for imposition of a fine and unsupervised probation, with probation to terminate upon payment of the fine.  After the magistrate judge denied the request, and after the judge had read the bulk of his intended sentence into the record, appellant's counsel requested that the sentence be converted to one of prejudgment probation under 18 U.S.C. § 3607(a).  While the judge initially indicated he would accept the suggestion and impose prejudgment probation, after hearing from the government and the Probation Officer covering the hearing, and after further discussion with defense counsel, the judge confirmed the sentence he had initially decided to impose.  *See* Tr. at 18:8-29:24.

It is undisputed that appellant qualifies for prejudgment probation because he has no prior drug convictions.  As reported in the presentence report, during his interview with the Probation Office for the purposes of preparation of the presentence report, the Probation Officer asked appellant if he wished to participate in a program of prejudgment probation; appellant declined.  At hearing, defense counsel argued that, "The idea that he would voluntarily participate at the time of the interview and at the time of the plea meant that he would have to give up his right to argue to Your Honor, to make the mitigating argument that he shouldn't be under supervision, and he wanted the opportunity to come here and present that argument to the Court . . ."  Tr. at 23:1-7.  Regarding the fact that the government had made a plea offer incorporating a sentence of prejudgment probation, and responding to the judge's concern about

appellant wanting a "second bite at the apple," defense counsel noted, "if this is two bites in the apple, then what you're telling us is these defendants are only going to get DEJ [deferred entry of judgment] if they agree to whatever the offer is from the government that – what the conditions of probation under DEJ should be." Tr. at 24:18-22;[1] *see also* Tr. at 23:20-24:12 (judge asks about "classic two bites at the apple" and timing of request just "before the bell has finally rung").

Before confirming the sentence, the judge repeatedly expressed concern about the timing of appellant's request. Tr. at 20:22-23 ("how much are we unringing [] the bell here?"), 22:15-16 (probation's position regarding "someone of this late date [] converting this to a prejudgment probation"?), 25:11-24 (request never raised before, and raised only once arguments that were made did not prevail), 26:15-25 (referring back to defendant's sentencing memorandum in which there was "no setting forth of . . . alternative position"); *see also id.* at 29:15-24. In confirming the sentence, the judge stated the following:

> . . . I am not going to revisit at this point. . . I by no means . . . [am] holding you hostage or making an example. . . . but what I'm doing is I'm looking at the record before me in this case and I have – that's part of the reason I give an opportunity for counsel to be heard, for you to be herd, as well as to consider everything that has been filed with the Court.
>
> . . . I have listened to the defendant's arguments with regard to the defendant's condition. I have – as well as the government's positions about what has or has not been provided to the Court in that regard. I have also heard probation's concerns. As I indicated, I took all of those positions into account in imposing sentence.
>
> And again, . . . I'm by no means seeking to unduly penalize [appellant], but it comes back to the position of he has pled guilty. There are consequences to that plea. I agree with probation's recommendations.

Tr. at 27:1-19.

---

[1] Defendant's position at sentencing was based in part on the conflict between federal law and California's medical marijuana law, which conflict is irrelevant on appeal.

3

III. Analysis

This court reviews the magistrate judge's sentence for abuse of discretion, and focuses on whether the sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). It "must first ensure that the [sentencing] court committed no significant procedural error. . ." *Id*. (noting that such errors can include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553 factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence").

Appellant argues that the sentencing court committed procedural error by "barr[ing] him from pre-judgment probation because he requested it at sentencing rather than as an alternative sentence in his sentencing memorandum." Appellant's Opening Brief at 3. Appellant relies on the language of the prejudgment probation statute, which he argues does not

/////

/////

/////

---

[2] Regarding the § 3553 factors, a sentencing judge need not expressly identify and analyze each such factor by statutory section and subsection, although the record should support a conclusion that the judge did consider relevant factors in arriving at an appropriate sentence. *Gall,* 552 U.S. at 53-56 (sentencing judge considered "all" of the factors and "thoroughly documented his reasoning," including by articulating need to take account of the "seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), and, with respect to 18 U.S.C. § 3553(a)(6), through conducting correct Guidelines calculation and engaging in colloquy addressed to what the prosecutor referenced as the court's need to "avoid any unwanted sentence disparities"); *see also United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (sentencing court presumed to know the law, and "need not tick off each of the § 3553 factors to show that it has considered them"; "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." (citing *Rita v. United States*, 551 U.S. 338, 356-57 (2007)). Here, where appellant did not object at the time to the sentencing court's application of the section 3553 factors, and does not rest his appeal on these grounds, plain error review applies. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). This court cannot say that the sentencing judge plainly erred, given his presumed knowledge of the law, and his adoption of the presentence report, which identified and analyzed certain sentencing factors as relevant.

require that its application be requested before sentencing. The statute provides, in pertinent part, that when a person found guilty of violating 21 U.S.C. § 844

> (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
>
> (2) has not previously been the subject of a disposition under this subsection;
>
> the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction.

18 U.S.C. § 3607(a). On its face, the statute provides that placement on prejudgment probation is discretionary, with the consent of the person so sentenced. Appellant provides no authority for the proposition that once a person consents, then the court must impose prejudgment probation, and this court is aware of none.

Appellant also relies on the requirement of Federal Rule of Criminal Procedure 32, that the defendant be allowed to "speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). *See also United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000) ("In exercising the right to allocution, a defendant has the right to fully present all available accurate information bearing on mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information."). Here, the sentencing judge provided appellant the right to allocute, after extensive discussion with defense counsel, without any hint of discouragement or intimidation. Tr. at 13:13-17. It was only later that defense counsel made the request for prejudgment probation, after the judge had rejected the defense request for a fine alone and imposed substantially all of the sentence of supervised probation. Even though the judge questioned the timing of the request, he took the time to hear defense counsel out, engaging in a full discussion of the prejudgment probation option and also providing time for the government and the probation officer to weigh in. Tr. at 18-26. Then and only then did the judge confirm the sentence, taking into account "all of [the] positions," of the

defense, the government and probation. Tr. at 27. On this record, this court cannot find that the sentencing judge did not satisfy the requirements of Rule 32.[3]

If a sentence is procedurally sound, then the court proceeds to consider whether it is substantively reasonable. *Gall*, 552 U.S. at 51; *Carty*, 520 F.3d at 991. Appellant argues his sentence is substantively unreasonable because the underlying offense involved a relatively small amount of marijuana, 2.4 grams; he has only one prior conviction, a misdemeanor DUI; he qualifies for prejudgment probation and has not benefitted from a prior opportunity to participate in a prejudgment probation program; and the sentence imposed could affect future employment opportunities with other collateral consequences. Appellant's Opening Brief at 5.

In imposing sentence, the judge accepted the presentence report, including its factual content, guidelines calculations, analysis of appellant's circumstances, and its

---

[3] Federal Rule of Criminal Procedure 32 also provides that the court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence," Fed. R. Crim. P. 32(i)(1)(C), and "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D). Rule 32, however, "does not unconditionally require the district court to entertain objections to the accuracy of the presentence report not previously raised by the parties." *United States v. Lopez-Cavasos*, 915 F.2d 474 (9th Cir. 1990) (construing Fed. R. Crim. P. 32(a)(1), the predecessor to current Fed. R. Crim. P. 32(i)(1)(C)). Moreover, a local rule that does not eliminate the opportunity to comment at sentencing may "place[] a condition on that right - namely, that a party indicate his or her objections to the presentence report prior to the sentencing hearing." *Id*. at 478. As relevant to this case, this court's Local Rules provide for the making of written objections to "statements of material fact, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report," L.R. 460(d), and also for formal written objections to the final presentence report that "specifically identify each item in the report . . . challenged as inaccurate or untrue, [] set forth the remedy sought . . . , and [] set forth the reason that the contested information will affect the sentencing guideline, departure or adjustment in the particular action." L.R. 460(f). "Except for good cause shown, no objections may be made to the presentence report other than those previously submitted to the probation officer . . . and those relating to information contained in the presentence report that was not contained in the proposed presentence report." L.R. 460(g). "Except with regard to objections not yet resolved, the Court may accept the presentence report as accurate." L.R. 460(h). At the underlying sentencing hearing in this case, the judge asked the parties if there were "any objections to the pre-sentence report, specifically any material facts, sentencing classifications, sentencing guideline ranges, or policy statements contained in or admitted [*sic*] from the report?" The defense and the government each indicated there were no such objections. Tr. at 2:12-22. To the extent the judge was implicitly enforcing the letter and the spirit of the Local Rules in his decision, he was within his rights to do so.

1 recommended sentence. *See, e.g.*, Tr. at 12:18-22, 15:14-21, 16:23-24. Appellant does not
2 challenge the guidelines calculations, and having reviewed the presentence report, this court
3 finds no error in the calculations. A sentence imposed within the accurate guidelines range is
4 presumed reasonable. *Rita v. United States*, 551 U.S. 338, 350 (2007). Appellant has not
5 overcome that presumption here, given his plea of guilty to violation of 21 U.S.C. § 844(a) and
6 his sentencing exposure as a result, and that he has not pointed to any disparity with respect to
7 his sentence when compared to sentences imposed on similarly situated defendants. Moreover,
8 the fine component of the sentence equals the mandatory minimum required by statute, in the
9 absence of a discretionary sentence of prejudgment probation. The sentence is substantively
10 reasonable.

IV. Conclusion

For the foregoing reasons, the appeal is denied and the sentence is AFFIRMED.

DATED: May 2, 2011.

_____
UNITED STATES DISTRICT JUDGE